**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-5048**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOHN JUNIOR KEARNEY,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00139-CCE-1)

———————

Submitted: July 9, 2013          Decided: July 18, 2013

———————

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant. Andrew Charles Cochran, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Junior Kearney appeals his conviction and 100-month sentence following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). In accordance with Anders v. California, 386 U.S. 738 (1967), Kearney's counsel has filed a brief certifying that there are no meritorious issues for appeal but questioning whether the district court adequately complied with Fed. R. Crim. P. 11 when accepting Kearney's plea and whether Kearney's sentence is reasonable. Although notified of his right to do so, Kearney has not filed a supplemental brief. We affirm.

Where, as here, a defendant did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Because the district court substantially complied with Rule 11 when accepting Kearney's plea, we conclude that the plea was knowing and voluntary and, therefore, final and binding.

We review Kearney's sentence for reasonableness, using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for significant procedural errors, including improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, sentencing under clearly erroneous facts, or

failing to adequately explain the sentence. Id. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, we conclude that Kearney's sentence is both procedurally and substantively reasonable. The district court correctly calculated Kearney's Guidelines range and clearly explained the basis for imposing a sentence within that range based on the 18 U.S.C. § 3553(a) factors and Kearney's individual circumstances. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (within-Guidelines range sentence is presumed reasonable).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Kearney's conviction and sentence. This court requires that counsel inform Kearney, in writing, of his right to petition the Supreme Court of the United States for further review. If Kearney requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kearney. We dispense with oral argument because

3

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED